# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRINA STEPHANIE RUPLEY,<br><br>Defendant. | Case No.: 25-mj-3691<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 18 U.S.C. § 111(a)(1) - Assaulting, Resisting, or Impeding Federal Officers (Felony) |

The undersigned complainant being duly sworn states:

On or about July 2, 2025, within the Southern District of California, defendant TRINA STEPHANIE RUPLEY, did intentionally and forcibly assault, a person designated in Title 18, United States Code, Section 1114, to wit Department of Homeland Security, Homeland Security Investigations Special Agent D.T., where such acts involved physical contact, to wit: defendant struck Special Agent D.T. with her hand on the left side of the agent's face, while D.T. was engaged in the performance of his official duties; in violation of Title 18, United States Code, Section 111(a)(1), a felony.

//
//

The complainant further states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

_____
Special Agent Kevin Thomas
Homeland Security Investigations

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1 on July 3, 2025.

_____
Hon. Allison H. Goddard
United States Magistrate Judge

**STATEMENT OF FACTS**

This Complaint and Statement of Facts is based on reports, interviews of witnesses, and interviews of victims by Homeland Security Investigations ("HSI") Special Agent ("SA") Kevin Thomas.

HSI SAs and Task Force Officers ("TFOs") were conducting an enforcement operation near the Linda Vista, San Diego, California, area. During the enforcement operation, a perimeter was established to preserve the scene of a previous assault. This perimeter was established utilizing bright yellow tape marked with "POLICE LINE DO NOT CROSS" printed along it.

On July 2, 2025, at approximately 12:30 p.m., defendant TRINA STEPHANIE RUPLEY, a United States citizen, attempted to impede the arrest of an individual who was actively being apprehended by SAs. Agents attempted to de-escalate the situation by quickly removing RUPLEY to outside of the perimeter onto the other side of the police tape. After being directed to stay back away from the SAs affecting the arrest, RUPLEY attempted for a second time to enter the law enforcement perimeter set by SAs. Supervisory Border Patrol Agent/HSI TFO D.T. attempted to block RUPLEY from entering the perimeter and instructed RUPLEY to stay back, but RUPLEY attempted to enter the perimeter for a third time.

As TFO D.T. was attempting to hold back RUPLEY from her attempts to enter the perimeter marked with yellow police tape, an unidentified male began advancing on D.T.'s position. At that moment, D.T. took his attention off RUPLEY and began to focus on the unidentified male. Moments after D.T. shifted focus to the unidentified male, RUPLEY struck D.T. with her hand on the left side of D.T.'s face.

Due to the assault, law enforcement attempted to handcuff RUPLEY. While trying to gain control of RUPLEY's hands to effect the arrest, RUPLEY began to resist arrest by tensing her arms, balling her fists, pulling away from the law enforcement officers, and lowering her center of gravity. At this time, another HSI SA assisted by escorting RUPLEY into the established perimeter where RUPLEY was eventually placed into handcuffs.

After being placed into handcuffs, RUPLEY was escorted to a police vehicle where she was then taken away from the scene. RUPLEY was placed under arrest at approximately 12:30 p.m. Based on my training and experience, I believe there is probable cause to believe RUPLEY committed a violation of 18 U.S.C. § 111(a)(1), assault of a federal officer.